## 50809. LEE v. GOLDNER et al.

PANNELL, Presiding Judge.

Appellant appealed an order and judgment against him on June 12, 1974. The clerk completed the record on August 6, 1974, and mailed appellant a bill for costs for preparing the record on that date. As of August 15, 1974, the costs had not been paid, and appellees made a motion to dismiss the appeal for failure to pay the costs of transmitting the transcript and record under the authority of Code § 6-809 (b). The trial court dismissed the appeal on September 5, 1974, noting that the costs were still not paid as of that date. On October 11, 1974, appellant moved to vacate the order dismissing the appeal. The trial court denied the motion. *Held:*

1. Appellant alleges error in the court's refusal to vacate the order of September 5, 1974. Appellant sought to vacate the judgment on three principal grounds: that he had never received a billing for the costs; that he had, however, paid the costs; and that since he was in the process of moving his offices, he had never received notice of the hearing.

The trial judge was authorized to find against appellant on all of these grounds. Affidavits from appellant's secretary and attorney assert that appellant did receive notice of the billing. Appellant presented no evidence showing that the costs had been paid, and the record discloses that the costs had not even been paid as of January 27 1975. Finally, even though appellant's motion asserts that he never received notice of the hearing on the motion to dismiss, the certificate of service shows proper mailing to appellant, and "[s]tanding unrefuted this fact of service in the record controls." *Farr*

*v. Farr,* 120 Ga. App. 762 (172 SE2d 158). Further, "[w]here parties have a case in court, it is their duty to attend and look after their interests . . . They are bound to take notice of the time and place of trial and of when their presence is required." *Rich's, Inc. v. Coleman,* 116 Ga. App. 419, 420, 421 (157 SE2d 814). It was not error for the trial judge to refuse to vacate the order dismissing appellant's appeal.

2. We are not fully convinced that this case was appealed to this court for purposes of delay only. Therefore, the request that 10% damages be awarded appellee, as provided by Code § 6-1801, is denied.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JUNE 25, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 19, 1975 —

*Hugh Nations, Silver, Zevin & Sewell, Paul J. Sewell,* for appellant.
*George M. Fox,* for appellees.