### 52851. PAYNE et al. v. WHITING.

DEEN, Presiding Judge.

1. Whiting sued the defendant builders alleging that they were the upper and he the lower riparian owners of a nonnavigable stream common to both properties; that the defendants in constructing a subdivision negligently

graded and cleared their land so as to allow surface waters to concentrate and flow onto his property in an unnatural manner, depositing large amounts of sediment in his pond. Upon proof of these facts, and that they resulted from the defendants' negligence, the plaintiff would be entitled to recover any damages proved. Code § 105-1407, and see Code § 85-1305. A riparian owner has a right to the running water in quality and quantity equal to his right to the soil which underlies the stream, and, as the sages of old observed, *"aqua curret et debet currere in modo quo currere solebat." Robertson v. Arnold,* 182 Ga. 664 (1) (186 SE 806). There is ample evidence in the record that the grading and building of streets and houses by the defendants loosed the sediment which filled up the plaintiff's pond. While there is also evidence of other activity upstream from the plaintiff's property, the jury visually inspected the site, and had evidence from which to find not only that the defendants were negligent but that such negligence proximately caused the damage complained of. The court properly denied the defendants' motion for directed verdict.

2. Over the years in question it appears that the runoff water from the servient estate contaminated the plaintiff's pool with large amounts of sediment, filling it to the point where it became virtually unusable. The plaintiff eventually built a "sediment pond" to clear the water and prevent continued damage. The defendants complain that the verdict, which was substantially in the amount of the sums expended to clear the pond, is unsupported by evidence in that the petition alleged a measure of damages based on difference in market value while the verdict is based on cost of repairs. Complaint is also made of the admission in evidence over objection of various checks showing the amounts so spent. We find, as in the similar case of *Southern Mut. Inv. Corp. v. Langston,* 128 Ga. App. 671 (6) (197 SE2d 775) that where the jury has viewed the property, and where the cost of repair is an "equitable and accurate way by which the damage may be determined" it is not error to allow such evidence, and to base the verdict thereon.

3. A conversation between one of the defendants and the plaintiff, testified to by the latter, was not

objectionable as containing statements made in an attempt to reach a settlement or compromise. According to the testimony, the plaintiff showed Payne the condition of the pond and the latter said he realized what had happened to it and was going to put it back in as good condition as it was before they had started construction of the subdivision. The statements were admissible as admissions against interest.

4. The two remaining enumerations of error contend that the trial court erred in not giving certain requests to charge on foreseeability ("not what did happen, but what a reasonable person should expect to happen") and the equal evidence principle ("where the evidence is equally balanced, then the plaintiff would not have carried the burden" etc.). The "present rule is that if the trial judge substantially covers the requested charge, though not in the exact language requested, no error can be successfully assigned as to such failure to charge." *Adams v. Smith,* 129 Ga. App. 850, 855 (201 SE2d 639). As to the first, the court sufficiently charged that negligence, to constitute proximate cause, must be conduct such that a person of ordinary prudence would have foreseen the likelihood of resulting injury. The request to charge that if the jury found the evidence equally balanced they should find for the defendant should probably have been given as requested; nevertheless, in view of the instructions as a whole, including the statement made on more than one occasion that the plaintiff must establish his case by a *preponderance* of the evidence, we find no reversible error.

*Judgment affirmed. Webb and Smith, JJ., concur.*

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 22, 1976 — REHEARING DENIED NOVEMBER 10, 1976.

*Glyndon C. Pruitt,* for appellants.
*G. Gibson Dean, II, Pat Garner,* for appellee.