## 52950. GADDY v. GILBERT.

McMurray, Judge.

This case involves a suit for damages in which plaintiff alleges the defendant maliciously prosecuted him by taking out a peace warrant without reason therefor and for the purpose of injuring him. The petition alleges that the prosecution ended in his favor when the charges against him were dismissed after a hearing. Defendant answered, denying the claim for damages against him, but admitting that he had dismissed the plaintiff from his job and requested that he leave the premises, at which time plaintiff became angry, calling him a "low down s.o.b.," and knowing that the plaintiff carried a pistol in his tool box which was readily available to him and being in fear of his life, he admitted that he took out a peace warrant for his protection. He also alleges that a personal friend of the plaintiff's in the shop became enraged over the firing and advised him that he would return with the plaintiff and that they would kill him and he also called him a "low down s.o.b."

After trial a verdict was returned in favor of the plaintiff in the sum of $17,500 and the judgment followed the verdict. A motion for judgment notwithstanding the verdict or in the alternative, motion for new trial, was filed by the defendant, and after a hearing the same was denied. Defendant appeals. *Held:*

1. Defendant argues at great length in his brief that plaintiff failed to prove his case against him in that the evidence was overwhelming that he had probable cause for taking out the peace warrant against the plaintiff. However, it is admitted that the peace warrant was taken out and dismissed after a hearing, that the defendant did fire the plaintiff, who called him an "s.o.b.," but the evidence thereafter is in considerable conflict as to any threats made against the defendant by the plaintiff. There was considerable testimony by the plaintiff that he was damaged by the taking out of the peace warrant and by his arrest, and that subsequently the case was dismissed in his favor. Accordingly, the court did not err in finding that the evidence was sufficient to support the verdict. Code §§ 105-801, 105-805; *Washington v.*

*Creighton,* 56 Ga. App. 467 (193 SE 78); *Campbell v. Tatum,* 71 Ga. App. 58 (30 SE2d 56); *Stinespring v. Fields,* 139 Ga. App. 715 (1).

2. Defendant contends that the verdict should be set aside because plaintiff failed to prove malice or want of probable cause but, again, the evidence was sufficient to authorize the jury to find that the defendant was without probable cause in taking out the peace warrant against him. A total want of probable cause is a circumstance from which malice may be inferred, but such inference may be rebutted by proof. Code § 105-804; *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641, 642 (4) (106 SE2d 307).

3. Defendant also contends the verdict is excessive. In such cases there is no exact measure of damage, but the jury should weigh the worldly circumstances of the parties and all the attendant facts, as well as any proof of expenses, loss of time, and other damages, if any. See Code § 105-2003; *Coleman v. Allen,* 79 Ga. 637, 638 (5) (5 SE 204). See also *Stinespring v. Fields,* 139 Ga. App. 715 (4), supra. However, defendant has not pointed out any evidence which shows that the jury was guilty of bias and prejudice in its verdict. No bias or prejudice of the jury being indicated, the verdict will not be disturbed.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 13, 1976 — Decided November 1, 1976 — Rehearing denied November 19, 1976 —

*Leiter & Leiter, Robert Paul Leiter, Beulah J. Leiter,* for appellant.

*W. Ron Bryan,* for appellee.