## 57582. KVITEN et al. v. NASH.

SHULMAN, Judge.

Plaintiff-appellee brought suit for damages alleging that defendants-appellants acted maliciously and without probable cause in causing a criminal warrant to issue against plaintiff. The court entered judgment in accordance with a jury verdict awarding plaintiff the sum of $6,500. On appeal, we affirm.

1. There is no merit in appellants' contentions that the court erred in refusing to charge their request no. 10, which reads in pertinent part as follows: "[I]f you [the jury] find that the defendants acted on the advice of an attorney in bringing the prosecution against the plaintiff and that defendants related all material facts to the attorney, then this would be a circumstance tending to show that the defendants had probable cause in swearing out the warrants against the plaintiff."

The court charged on this issue, as follows: "I further charge you that the advice of counsel will not protect a defendant in a suit for malicious prosecution, but that you may consider the advice of counsel on the question of

malice and probable cause, and if you should find that the plaintiff is entitled to recover in this case, you may consider the advice of counsel in regard to mitigation of damages."

Assuming, without deciding, that appellants' request to charge was correct and pertinent, we find that as the court substantially covered the principles of law requested by appellants, the court did not err in refusing to charge the jury in the exact language requested. *Payne v. Whiting,* 140 Ga. App. 390 (4) (231 SE2d 796).

2. Appellants contend that the court's charge to the jury on the recovery of attorney fees constitutes reversible error in that: first, plaintiff's complaint did not specifically allege that defendants had acted in bad faith, were stubbornly litigious or had caused appellee unnecessary trouble and expense; and, second, that the evidence presented at trial did not warrant a charge on attorney fees. We find neither of these arguments persuasive.

Contrary to appellants' contentions, inherent in plaintiff's complaint of malicious prosecution is plaintiff's allegation that defendants acted in bad faith in swearing out a warrant for his arrest. Moreover, as plaintiff introduced some evidence, by his own testimony, of defendants' alleged "bad faith," the recovery of attorney fees was properly submitted to the jury as an additional element of recoverable damages. *Farrar v. Brackett,* 86 Ga. 463 (1) (12 SE 686); *Clark v. Aenchbacher,* 143 Ga. App. 282 (2) (238 SE2d 442).

3. Appellants further contend that the court erred in failing to charge the jury that attorney fees could only be awarded if punitive damages were also awarded.

As this is an incorrect statement of the law, it would have been improper for the court to so instruct the jury. See *Standard Oil Co. v. Mt. Bethel U. M. Church,* 230 Ga. 341 (3,4) (196 SE2d 869), which sets forth the different standards authorizing awards for attorney fees and punitive damages. Appellants' enumeration of error is therefore without merit.

4. Appellants contend it was error for the trial court not to rule as a matter of law on the question of the existence of probable cause in the warrants issued for the

arrest of appellee. For the reasons set forth below, we disagree.

Want of probable cause is an essential element of a malicious prosecution cause of action. Ordinarily, the existence of probable cause is a question of fact for jury determination. Only where the material facts are not in dispute, or when only one reasonable inference can be drawn from the evidence, does the existence of probable cause become an issue of law for the court to resolve. *Harmon v. Redding,* 135 Ga. App. 124 (1) (218 SE2d 32); *Segars v. Cornwell,* 128 Ga. App. 245 (196 SE2d 341); *Bailey v. Century Finance Co.,* 118 Ga. App. 90 (162 SE2d 835); *Gaddy v. Gilbert,* 140 Ga. App. 508 (1) (231 SE2d 403). See also Code Ann. § 105-802.

Plaintiff presented testimony to the effect that defendants had authorized him to obtain certain items of property from a third party. Defendants, however, asserted at trial that plaintiff acted independently in procuring such property, causing the defendants to be wrongfully charged with the cost of the goods.

As material facts going to the appellants' intentions and basis in causing a warrant to be sworn out for appellee's arrest were in dispute, the question of probable cause was properly submitted for jury determination. Appellants' contentions to the contrary notwithstanding, there was evidence to support the jury's finding that appellants lacked probable cause.

5. Appellants argue that the court erred in failing to grant their motion for judgment notwithstanding the verdict, or, in the alternative, their motion for a new trial, as, appellants allege, plaintiff failed to prove malice, an essential element of a malicious prosecution cause of action.

Although a jury cannot infer a lack of probable cause from malice (*American Plan Corp. v. Beckham,* 125 Ga. App. 416 (4) (188 SE2d 151)), a jury is authorized to infer malice from a lack of probable cause. *Gaddy v. Gilbert,* supra, Division 2; *Multiple Realty, Inc. v. Walker,* 119 Ga. App. 393 (2c) (167 SE2d 380).

As we held in Division 4 that the evidence authorized the jury to conclude that probable cause was lacking, it was within the province of the jury to infer malice from

the lack of probable cause. *Gaddy,* supra.

6. Appellants urge that the jury award of $6,500 be set aside as excessive. " 'This court has no power to review and set aside the finding of the jury because their verdict is claimed to be excessive, unless it appears that the verdict was due to prejudice or bias, or was influenced by corrupt means.' [Cits.] Under Code § 105-808, in malicious prosecution proceedings 'The recovery shall not be confined to actual damage sustained by the accused, but shall be regulated by the circumstances of each case.'

"[As] [t]his court cannot say that the verdict was the result of any of the disqualifying factors outlined [above]." (*Lovinger v. Pfeffer,* 107 Ga. App. 636 (2) (131 SE2d 137)), the verdict will not be disturbed. *Gaddy,* supra, Division 3.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED APRIL 3, 1979 — DECIDED JULY 6, 1979.

*Crowe & Manheim, Alan C. Manheim,* for appellants.

*Kyle Yancey,* for appellee.