D<small>ECIDED</small> F<small>EBRUARY</small> 23, 1981.

*Stephen Friedberg, James T. Barfield,* for appellant.
*William S. Goodman, Scott E. Tinnon,* for appellee.

## 61294. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. et al. v. BURGESS.

S<small>HULMAN</small>, Presiding Judge.

Plaintiff brought suit against defendant for malicious prosecution of a shoplifting charge and was awarded judgment in the amount of $20,000. We affirm.

1. Defendant contends that the trial court erred in submitting the issue of probable cause to the jury. Arguing that the material facts on the issue of probable cause were not in dispute, defendant maintains that a determination of the existence or nonexistence of probable cause was a matter for the court. See in this regard *Ayala v. Sherrer,* 135 Ga. App. 431 (218 SE2d 84).

Contrary to defendant's contentions, the material facts were in dispute. Defendant's sole witness testified that the items plaintiff placed in his pockets were concealed. However, the witness' testimony was impeached and plaintiff testified to the contrary. It cannot be said, then, that the facts going to the issue of defendant's probable cause to arrest and prosecute the plaintiff for shoplifting were undisputed. *Kviten v. Nash,* 150 Ga. App. 589 (4) (258 SE2d 271).

2. Inasmuch as the jury was authorized to find a total want of probable cause for the prosecution of the plaintiff, the jury could properly infer from the want of probable cause the malice necessary to support the judgment for malicious prosecution. *Gaddy v. Gilbert,* 140 Ga. App. 508 (231 SE2d 403); *Kviten,* supra, Division 5.

3. Defendant's complaint regarding the trial court's instruction that the existence of probable cause was a jury question is premised on its contention that the existence of probable cause should have been determined by the trial court. Defendant's allegations in that regard were rejected in Division 1 of this opinion. Defendant's assertion that the trial court's charge of Code Ann. § 105-802 was

misleading is thus without merit.

4. While defendant's appeal is not meritorious, we cannot agree that it was so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay. See *Walsey v. American Fletcher Nat. Bank &c. Co.,* 151 Ga. App. 104 (258 SE2d 760). We therefore refuse to apply the sanction of Code Ann. § 6-1801. *Lee v. Goldner,* 135 Ga. App. 744 (219 SE2d 5).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 23, 1981.

J. *Corbett Peek, Jr., James Garland Peek,* for appellants.
*Charles L. Jurjevich,* for appellee.