63442. TRUELOVE et al. v. HAMILTON et al.

QUILLIAN, Chief Judge.

For a full statement of the issues and background in the instant appeal, see our former decision in *Hamilton v. Truelove,* 148 Ga. App. 116 (250 SE2d 864). The pertinent facts recited therein are incorporated here by reference. In brief, this controversy involves the heirs at law of George W. Dorsey who died in 1929. In that same year, his heirs entered into an agreement giving his wife Ida Dorsey a life estate in his real property. In 1969, a majority, but not all, of the heirs entered into an agreement which was purportedly designed to set forth the manner and means by which Ida Dorsey would be provided for. At that time she was living with Mr. and Mrs. W. H. Truelove, Mrs. Truelove being a daughter and one of the heirs. Upon Ida Dorsey's death in 1974, Mrs. Truelove qualified as administratrix of the George W. Dorsey estate and the Ida Dorsey estate. Mrs. Truelove sold the real property, on court order, for $74,000. The present suit came about when the Trueloves contended that under the terms of the 1969 contract, "that the expenses they incurred in maintaining Ida Dorsey exceeded that sum and they were therefore entitled to the proceeds of the sale," while J. W. Hamilton and other heirs disputed this and "contended that they were entitled to their share of the proceeds from the sale of the property. They argued that under the terms of the contract . . . the Trueloves were entitled to expenses only up to the sum of $5,000 and that amounts in excess thereof could not be deducted from the proceeds." *Hamilton v. Truelove,* 148 Ga. App. 116, 118, supra. The case eventually came on for trial before a jury which, after considering detailed testimony and documentary evidence, returned a verdict as follows: "We, the jury, find the Plaintiff, Mrs. Pauline Dorsey Truelove, (in addition to the one-ninth (1/9) share she would inherit from the Estate of her parents, George Dorsey and Ida Dorsey), is entitled under her agreement with the other heirs: (b.) To recover compensation for such expenses, room and board, but limited to $5,000.00, plus 6% per annum from date of 1969 contract to death of Mrs. Dorsey. We also agree that funeral bills of Mrs. Dorsey amounting to $2,394.00 be paid."

The trial judge entered judgment on the verdict and then, in accordance with the agreement of the parties, determined the estate and the amount involved and arrived at the recovery from the estate

by each of the defendants as follows: "The Court finds from established facts; pleadings and matters on file; and the express agreement of counsel that the total amount of assets contained in the George W. Dorsey and Ida Dorsey Estate is the sum of $75,600.00. The Court further finds that the funeral expenses for Ida Dorsey was the sum of $2,394.00. The Court of Probate awarded $3,700.00 as attorney fees and the Court hereby adopts this award as being the Judgment of this Court.

"The Court finds the following scheduled items of expense and fees in the nature of outstanding indebtedness in both estates:

|  |  |  |
|---|---|---|
| Total Cash Assets | | $75,600.00 |
| (Less): Expenses due from these Estates: | | |
| Funeral Cost | $2,394.00 | |
| 5% Adm. Comm. | $3,780.00 | |
| Attorney Fees | $3,700.00 | |
| Total Allowable Expense Deductions | | $9,874.00 |
| New Balance of Estate — Assets after Deductions | | $65,726.00 |

"The court finds further that three (3) heirs at law did not sign the written contract and these heirs are not liable for an indebtedness under the contract. These three heirs are entitled to a 1/18 interest of these two Estates after accounting for the above identified expenses have been made. The sums due for distribution to these heirs is as follows:

|  |  |
|---|---|
| (a) Betty Hamilton Barrett | $1,217.15 |
| (b) Barbara H. Seabolt | $1,217.14 |
| (c) Jerry Hamilton | $1,217.15 |
| 1/18 Share of $65,726.00 | $3,651.44 |
| New Balance of Estate—Assets after Distributions | $62,074.56 |

"The Court further finds that certain heirs at law including the Plaintiff and four (4) of the Defendants herein did execute the written contract in 1969 and are therefore liable for the sums set forth in the Jury Verdict regarding these Estates.

|  |  |
|---|---|
| Jury Verdict Principal | $5,000.00 |
| Jury Verdict Interest | $1,578.00 |

Balance for distribution to the heirs at law who are Defendants herein who are liable under the terms of the written contract in 1969     $55,496.56

|  |  |
|---|---|
| (a) Woodrow Hamilton (1/18 Interest) | $3,083.14 |
| Share in Estates of 3 Heirs who own 1/9: | |
| (b) Henrietta Reid | $2,055.43 |
| (c) Odessa Harrison | $2,055.43 |
| (d) Frances Duvall | $2,055.43" |

The plaintiff filed a motion for new trial and upon its denial by the trial court, filed an appeal to this court in which there are fourteen enumerations of error. *Held:*

1. The principal issue in this case concerns the intent of the parties regarding the May 16, 1969 contract. In the prior appeal, we found a jury must resolve the issue since, even after the application of the pertinent rules of construction, the terms of the contract remained ambiguous. In this case, the jury did resolve the issue by finding that the plaintiff Truelove was only to be reimbursed for expenditures made in supporting Ida Dorsey up to $5,000, the amount of the sole note executed by the majority of the heirs at law in 1969. A careful examination of the extensive transcript generated by the trial revealed that the evidence adduced thereon did not demand a finding for either side; hence, the jury's finding in favor of the defendants was authorized.

Plaintiff's enumerations of error nine and fourteen which are addressed to the sufficiency of the evidence are without merit.

2. The first enumeration of error involves the failure of the trial judge to grant the plaintiff's motion for summary judgment.

" 'After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case.' " *Talmadge v. Talmadge,* 241 Ga. 609 (1) (247 SE2d 61). Accord, *Wong v. Aluminum Supply Co. of Savannah,* 147 Ga. App. 100 (248 SE2d 175), *Glenn v. Trust Co. of Columbus,* 152 Ga. App. 314 (5) (262 SE2d 590), *Gosnell v. Waldrip,* 158 Ga. App. 685, 686 (1) (282 SE2d 168).

3. The second enumeration of error addresses the possible disqualification of a juror. This issue was not raised in the lower court, and is not supported by proof of record. This court "cannot consider factual representations in the appellant's brief, which do not appear on record." *Coweta Bonding Co. v. Carter,* 230 Ga. 585 (1) (198 SE2d 281).

4. The third enumeration of error recites: "The Court, in its Order of September 23, 1977, failed to pay the proper amount of expenses as submitted by the Administratrix [plaintiff], dated 9/2/77, item 2 (e)." This issue was rendered moot by the jury verdict finding to the contrary, in that the plaintiff was not entitled to any expenses in excess of $5,000 except for funeral expenses.

5. The fourth enumeration of error is: "The Court further erred in changing the Order dated September 27, 1979 in that the term of Court expired on September 30, 1979 and the Court was without authority to change a previous Order of the Court outside the term in which it was rendered." The plaintiff's argument that the court could

not change an order after the term it was entered has application only to a final judgment. Code Ann. § 81A-154 (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049 eff. 9/6/76) allows changes of or modifications in orders which are not final judgments in multi-party, or multi-issue cases.

6. The fifth enumeration is: "The Court erred in denying the Motion to Strike (dated March 29, 1979) on Pretrial order dated March 23, 1979 and failed to require Appellee's counsel of record to submit said Order denying this Motion before proceeding to trial on the case. Appellant's attorney made proper objections before trial of the case on April 6, 1981." The plaintiff's argument is devoted solely to the question as to the failure of the trial judge to issue a written order. The trial judge overruled the motion to strike and we find no harmful error in the failure to reduce this order to writing.

7. The sixth error enumerated is: "The Court erred in not granting the charge submitted by Appellant in regard to construing a contract to find the parties intention."

The failure to give a charge in the exact language requested is not error where the same principles were substantially covered by the instruction given. *Welsh v. Fowler,* 124 Ga. App. 369 (5) (183 SE2d 574); *Cabaret After Dark, Inc. v. State,* 154 Ga. App. 205 (267 SE2d 843). Moreover, the plaintiff failed to specify which charge should have been given. In argument before this court, the plaintiff merely refers to some twenty pages of the record wherein his requests to charge are found, and did not designate which particular charge he contended it was error not to give.

8. The eighth enumeration of error contends it was error to require the plaintiff to pay the costs of court. The argument that the plaintiff did not lose the case is contrary to the contentions of the parties as we have previously noted and as were set out in the pre-trial order contained in the record. The defendants' contention was that they were required to pay no more than a sum not in excess of the $5,000 under the note referred to in the contract. This is what the jury found.

9. The enumeration of error that the court erred in consolidating the estates of George W. Dorsey and Ida Dorsey is without merit. It is clear from the record that the parties agreed to the consolidation for purposes of trial.

10. The eleventh enumeration of error contends that the trial judge improperly valued the funds available in the estate, and improperly allocated those funds to the parties Based on the jury's verdict, the judgment entered by the trial judge was not error.

11. The remaining enumerations of error are without merit.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 14, 1982 —
REHEARING DENIED JUNE 14, 1982 —

*Glenn H. Strother, Clifton S. Fuller, Jr.,* for appellants.
*Maylon K. London,* for appellees.