## 66106. MEDOC CORPORATION v. KEEL.

DEEN, Presiding Judge.

Alan Keel commenced this action against appellant, alleging malicious prosecution, false imprisonment, and assault. Before the trial, he was killed in an automobile accident, and his mother was substituted as plaintiff in her capacity of administratrix of his estate. Following the trial the jury returned a verdict and award of $45,000 for Keel, and this appeal followed.

On the night of December 26, 1978, Keel and several of his friends met at Green's Disco. The bartenders at Green's switch on red lights on their cash registers whenever they need assistance from a crowd controller, or bouncer. On this particular night, a bouncer was so summoned twice by a bartender, who informed him that two shot glasses (used to measure alcohol when mixing a drink) and a bottle of Southern Comfort bourbon had disappeared. The glasses and bourbon were normally maintained behind the bar at the bartender's station; appellant's employees all testified that at Green's drinks were never served in shot glasses, and Keel's witnesses all claimed otherwise.

At least one bouncer, noticing that Keel, standing a few feet from one bar counter, held a shot glass in his hand, approached Keel, took away the shot glass, and, holding him either under one arm or by the shoulder, proceeded to escort him out of the establishment. Keel (by deposition) and his witnesses testified that two bouncers had been involved and had been somewhat more violent. Before reaching the entrance/exit, however, Green's manager instructed the bouncer to detain Keel because he intended to press charges, and Keel was detained for approximately thirty minutes until the police arrived. Green's assistant manager signed the affidavit complaining that Keel had stolen the glass jigger, and Keel was officially arrested, booked, and jailed until his parents arranged bail in the early morning hours of December 27, 1978. Following a preliminary hearing, a magistrate dismissed the charge against Keel.

Appellant here contends that the trial court erred in denying its motion for directed verdict. Other enumerations of error concern the trial court's jury instructions and its acceptance of the amount of the jury verdict. *Held:*

1. Although the pleadings and the evidence adduced also involved false imprisonment, assault and battery, both parties concentrated on the malicious prosecution cause of action. The elements of malicious prosecution include: (1) prosecution for a criminal offense; (2) the prosecution instigated under a valid warrant, accusation, or summons; (3) termination of the prosecution in favor

of the plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff. OCGA § 51-7-40 (Code Ann. § 105-801); *Sizemore Security Intl. v. Lee,* 161 Ga. App. 332 (287 SE2d 782) (1982); *Ellis v. Knowles,* 90 Ga. App. 40 (81 SE2d 884) (1954). Appellee could prevail over the appellant's motion for directed verdict only if there was some evidence serving to prove each of the above elements, and we agree with the trial court's conclusion that there was such evidence.

Certainly the first three elements were established in this case. Ordinarily, the question of want of probable cause is one for jury resolution, unless from the undisputed facts it is obvious to the court that it does or does not exist. OCGA § 51-7-43 (Code Ann. § 105-802); *Harmon v. Redding,* 135 Ga. App. 124 (218 SE2d 32) (1975). There were obvious conflicts in the testimony pertaining to the conduct of appellant's employees and their reason for accusing Keel of theft, evidence upon which the determination of probable cause depended, and the trial court properly allowed the matter to go to the jury.

The evidence concerning the conduct of appellant's employees similarly was pertinent to the determination of malice. Malice may also be inferred from a total lack of probable cause. OCGA § 51-7-44 (Code Ann. § 105-804); *McMillan v. Day Realty Assocs.,* 156 Ga. App. 660 (275 SE2d 352) (1980), rev'd on other grounds, 247 Ga. 561 (277 SE2d 663) (1981); *Kviten v. Nash,* 150 Ga. App. 589 (258 SE2d 271) (1979). Because the question of probable cause was properly submitted to the jury, as well as the evidence of conduct of appellant's employees, the issue of malice likewise was one for jury resolution.

Lastly, Keel certainly presented sufficient evidence proving some damage. At the very least, attorney fees paid to defend against the criminal prosecution instigated by appellant were shown, and such expenses constitute recoverable damages in an action for malicious prosecution. *Segars v. Cornwell,* 128 Ga. App. 245 (196 SE2d 341) (1973). Thus, sufficient evidence having been submitted to prove each element of malicious prosecution, the trial court correctly denied the appellant's motion for directed verdict in that regard.

2. Appellant contends that the trial court erred in giving several jury charges requested by the plaintiff and in refusing to give certain charges requested by appellant. We find no error.

The majority of the jury instructions objected to by the appellant concern the elements of assault and battery, false imprisonment or false arrest. Appellant contends that because the cause of action pursued by the appellee was malicious prosecution, these charges on other tortious acts and the damages which flow therefrom were confusing and harmful invitations for the jury to find some other avenue for relief for the appellee other than the alleged

malicious prosecution.

Review of the pleadings and evidence, however, reveals that these other causes of action, while not so clearly articulated as that of malicious prosecution, were alleged and litigated. The fact that appellee's complaint, as amended, contained but one count does not limit the number of assertable causes of action. "A party may set forth two or more statements of a claim . . . either in one count . . . or in separate counts . . ." OCGA § 9-11-8 (e) (Code Ann. § 81A-108). Although the primary cause of action no doubt was that of malicious prosecution, it would have been error for the trial court not to have charged the jury on these other issues raised by both the pleadings and the evidence. *Bone Constr. Co. v. Lewis,* 148 Ga. App. 61 (250 SE2d 851) (1978); *Rutland v. Jordan,* 111 Ga. App. 106 (140 SE2d 498) (1965). We note the appellant's reliance upon *Wilson v. Bonner,* 166 Ga. App. 7 (303 SE2d 134) (1983) for the proposition that a single wrong may not be made plural by splitting it into constituent parts. The additional causes of action asserted in the instant case, however, had separate identities and elements from that of the primary cause alleged and thus were not constituent parts of a single wrong.

The trial court also instructed the jury that a defendant may be liable for failing to investigate before instigating a criminal prosecution where a reasonable person would have investigated, and that there may be liability for false imprisonment or malicious prosecution where a party directly or indirectly initiates a criminal proceeding without waiting for a police investigation. Appellant argues that these charges were inappropriate because not adjusted to the facts of the instant case. We disagree.

The charges were correct statements of law, under *Melton v. LaCalamito,* 158 Ga. App. 820 (282 SE2d 393) (1981). Certainly there was no prior police investigation; the evidence clearly established the decision of appellant's employee/manager to initiate the criminal proceeding prior to any police involvement. Appellant's asserted investigation consisted of its decision to make surveillance. Keel was accosted and accused by appellant's employee without any inquiry, either of Keel or of any of the several people standing close to him, into Keel's open possession of a shot glass; such hardly can be considered an investigation with specific reference to Keel.

Appellant next contends that the trial court should have instructed the jury (1) that the requisite element of malice is not established where the only evidence is the inference which may be drawn from the proof of want of probable cause and that proof shows some circumstances pointing to the guilt of the accused, and (2) that there can be no recovery for malicious prosecution where there was probable cause even though it may appear that the prosecutor was

actuated by improper motives. In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. *Gibbs v. First Fed. Savings &c. Assn.,* 161 Ga. App. 27 (289 SE2d 1) (1982). Because the evidence of the conduct of appellant's employer served as proof of malice, independent of any inference drawn from a total want of probable cause, appellant's first charge was not sufficiently adjusted to the evidence, and the trial court did not err in refusing to give it.

Concerning the requested charge on probable cause, the trial court thoroughly instructed the jury on the necessity of finding a lack of probable cause, as well as the separate element of malice. Further, the court specifically charged that a want of probable cause may not be inferred from a showing of malice. Thus considering the entire jury instruction, the trial court actually charged on the principle contained in appellant's request. It is not error to give a charge in different language than requested, where the same principle was substantially covered by the instruction given. *Truelove v. Hamilton,* 162 Ga. App. 543 (290 SE2d 323) (1982).

3. Appellant next contends that the trial court erred in accepting the jury verdict for $45,000, on the grounds that the award was excessive. OCGA § 51-7-47 (Code Ann. § 105-808) provides that "recovery in actions for malicious prosecution shall not be confined to the actual damage sustained by the accused but shall be regulated by the circumstances of each case." The jury should weigh the worldly circumstances of the parties, all the attendant facts, and the proof of expenses, loss of time, and other damages. *Gaddy v. Gilbert,* 140 Ga. App. 508 (231 SE2d 403) (1976).

This court may not set aside a jury verdict as excessive unless it appears that the verdict was due to prejudice or bias, or was influenced by corrupt means. *Smith v. Milikin,* 247 Ga. 369 (276 SE2d 35) (1981); *Kviten v. Nash,* supra. "It must, in fact, be so exorbitant and flagrantly outrageous as to shock the moral sense; it must 'carry its death warrant upon its face.' *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68, 71 (256 SE2d 619) (1979)." *Valdosta Housing Auth. v. Finnessee,* 160 Ga. App. 552, 553 (287 SE2d 569) (1981). Considering all the circumstances of this case, and no proof of jury prejudice or bias having been shown, we do not find that the trial court erred in declining to set aside the verdict as excessive.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 27, 1983 —
REHEARING DENIED MAY 13, 1983 —

■■■■■■■■■■■■■■■■■■■■■

■■■■■■

*Bryan M. Cavan,* for appellant.
*William E. Zachary, Sr.,* for appellee.