72925. I. M. C. MOTOR EXPRESS, INC. v. COCHRAN.

(348 SE2d 750)

BANKE, Chief Judge.

The appellee entered into a contract with appellant to buy a truck which the appellant had acquired pursuant to an installment sales contract with a commercial lender. This appeal is from a judgment awarding the appellee attorney fees in a suit to compel the appellant to transfer title to him.

The evidence presented at trial was to the effect that the parties had agreed that the appellee would pay the appellant $3,500 down and $660 per month for the 16 months remaining on the original installment contract. After the appellee had made the final payment called for by this agreement, he received a letter from the appellant informing him that the title would not be released until an additional $1,355 was paid. This sum represented $1,280 in unearned interest which the appellant claimed would have been recaptured from the commercial lender had the remaining balance on the original installment sale contract been paid in full at the time the parties entered into their agreement, as well as a $75 late charge which had allegedly been imposed by the commercial lender. However, there is no suggestion that any such additional payments were contemplated by the parties' agreement. Furthermore, an agent of the commercial lender testified without dispute that had the remaining indebtedness been paid in full on the date the appellant and appellee entered into their agreement, the recapture of interest would have been only about half that demanded by the appellant; and he further testified that no $75 late charge had been imposed by the lender.

Based on this evidence, the jury determined that the appellee was entitled to have the truck's title transferred to him by the appellant. The jury also awarded the appellee $2,000 in attorney fees. The sole issue presented by this appeal is the propriety of the jury's award of attorney fees. *Held:*

1. The jury was authorized to find that appellant's refusal to tender the title was without foundation, was characterized by bad faith, and had resulted in "unnecessary trouble and expense" to the appellee, within the contemplation of OCGA § 13-6-11. See generally *Sawgrass Bldrs. v. Realty Co-op.,* 172 Ga. App. 324 (323 SE2d 243) (1984). Appellee's counsel testified that he charged $65 per hour for

his time and that, after three court appearances and a motion for summary judgment, his bill amounted to over $8,000. This testimony was not disputed. Thus, the jury's award of $2,000 as attorney fees was clearly supported by the evidence. Accord *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458 (278 SE2d 33) (1981).

2. From our review of the record and briefs, we conclude that this appeal "was so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay." *Great Atlantic &c. Co. v. Burgess*, 157 Ga. App. 632, 633 (278 SE2d 174) (1981). The trial court is therefore directed to enter judgment in favor of the appellee for additional damages in the amount of 10 percent of the judgment, or $200, pursuant to OCGA § 5-6-6.

*Judgment affirmed with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1986.

*James A. White, Jr.*, for appellant.
*Charles H. Davis*, for appellee.