## 76429. IMC MOTOR EXPRESS, INC. v. COCHRAN.
### (368 SE2d 817)

DEEN, Presiding Judge.

The following oral summary made by the trial judge in open court on October 21, 1987, succinctly conveys the facts and the posture of the instant case. "The simple facts surrounding all of this litigation that goes back for over a decade is that the plaintiff [appellee Cochran] bought a truck from the defendant [appellant IMC Motor Express], the plaintiff paid the defendant for the truck, and the defendant, rather than turning over the title, sought to collect other funds, and that brought on a lawsuit[;] it was tried by a jury in Fayette Superior Court and the jury determined that the defendant was not entitled to any additional sums and directed that the title to the truck be turned over to the plaintiff. The case was then appealed to the Court of Appeals on the attorney fee issue and they affirmed the judgment . . . The plaintiff still hasn't got the title to the truck. And the defendant now defends against a contempt [citation] on the basis that his bookkeeper made an error and gave the title to somebody else." See also *IMC Motor Express v. Cochran,* 180 Ga. App. 232 (348 SE2d 750) (1986).

Appellee Cochran filed a contempt petition, and the trial court, after a hearing, held IMC in civil contempt and ordered that E. F. Cartwright, as IMC's representative, be incarcerated until the contempt was purged by delivery of the truck's title to Cochran and payment of $943.50 in additional attorney fees, plus court costs. IMC posted a $10,000 cash bond to obtain Cartwright's release and appealed "from each and every part of said judgment and order," enumerating as error the sufficiency of the evidence and errors of law. *Held:*

Our examination of the transcript of the contempt hearing; the official report of the prior appearance of the instant case in this court; and the entire record submitted in the instant appeal indicates that the trial court acted properly in holding appellant in contempt. As to appellant's enumerations 2 through 5, asserting errors of law and challenging the sufficiency of the evidence, we find no reversible errors of law in the proceedings below, and ample competent evidence to support a judgment of contempt. The conduct of appellant is aptly summed up in this court's opinion as reported at 180 Ga. App. 232, 233, supra: "[A]ppellant's refusal to tender the title was without foundation, was characterized by bad faith, and . . . resulted in 'unnecessary trouble and expense' to the appellee, within the contemplation of

OCGA § 13-6-11 . . . . [W]e conclude that this appeal 'was . . . palpably without merit.' "

Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.

DECIDED APRIL 19, 1988.

James A. White, Jr., for appellant.
Charles H. Davis, Jr., Cynthia L. Briscoe, for appellee.