### 11363. BENFORD v. BLEDSOE.

STEPHENS, J. 1. Facts which are in law insufficient to authorize a conviction of a specific crime may nevertheless afford probable cause for the institution of a prosecution for such crime. Facts which do not authorize a conviction of simple larceny may afford probable cause for a prosecution for such crime when they do authorize a conviction of larceny after trust.

2. In a suit for malicious prosecution, it being a question of law for the court as to what facts constitute probable cause (*Hicks* v. *Brantley*, 102 *Ga.* 264, 272, 29 S. E. 459), it follows that where the plaintiff had been entrusted by a member of a firm, to which the defendant belonged, with an amount of lumber to be delivered by the plaintiff and sold to a third person, the proceeds of the sale to be collected by the plaintiff. and paid to the defendant's firm, and such third person had made payment for the lumber to the plaintiff and the latter had failed to transmit such payment to the defendant's firm, which facts were known to the defendant, who, with knowledge of the facts, instituted a prosecution against the plaintiff for simple larceny, instead of larceny after trust, the prosecuton was instituted by the defendant with probable cause.

3. The undisputed evidence showing the above facts and demanding the inference that the prosecution was carried on with probable cause, the verdict for the plaintiff was without evidence to support it, and it was error to overrule the defendant's motion for a new trial.

.  *Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 3, 1921.

Action for malicious prosecution; from city court of Carrollton — Judge Beall. February 5, 1920.

*C. E. Roop, Leon Hood,* for plaintiff in error.

*Smith & Smith, Eugene Spradlin,* contra.