## 50764. HARMON v. REDDING.

ARGUED MAY 21, 1975 — DECIDED JUNE 13, 1975.

*Bynum & Kell, Joe H. Bynum, Jr.,* for appellant.
*Hutcheson & Kilpatrick, Lee Hutcheson,* for appellee.

DEEN, Presiding Judge.

"In determining whether or not there was a total want of probable cause for a criminal prosecution alleged to have been maliciously carried on, the question is not whether the accused was actually guilty of the offense with which he was so charged, but the real question is whether the prosecutor had reasonable cause so to believe, — that is, whether the circumstances at the time of the prosecution were such as to create in the mind of the prosecutor a reasonable belief that there was probable cause for the prosecution." *Darnell v. Shirley,* 31 Ga. App. 764, 765 (122 SE 252). *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453 (190 SE 676), *Joiner v. Ocean S. S. Co.,* 86 Ga. 238 (12 SE 361) and *Davis v. Stephens,* 45 Ga. App. 227 (164 SE 111), hold to the same effect. Probable cause does not depend on the actual state of the case in point of fact, but on the honest and reasonable belief of the party commencing the prosecution. *Auld v. Colonial Stores,* 76

Ga. App. 329 (45 SE2d 827). Under Code § 105-802 probable cause is always a question for the jury unless from undisputed facts it is obvious to the court that it does or does not exist. *Price v. Cobb,* 63 Ga. App. 694 (11 SE2d 822); *Johns v. Gibson,* 60 Ga. App. 585 (4 SE2d 480).

The fact of acquittal, although a necessary prerequisite to the action, is not of itself in any way conclusive. Nor is lack of probable cause necessarily shown by the fact that a defect exists in the criminal process. For example, the prosecutor was held to have probable cause for instituting the criminal proceedings in *Benford v. Bledsoe,* 26 Ga. App. 361 (106 SE 202) where the plaintiff in the civil action was tried for simple larceny, a crime he did not commit, where the evidence showed him to have been guilty of larceny after trust. One who in good faith had another prosecuted for practicing medicine without a license under facts which would not authorize a conviction of that offense, was nevertheless not without probable cause to take the action where fraudulent sales of medicine were involved. *Bennett v. Ware,* 4 Ga. App. 293 (61 SE 546). "[R]egardless of the termination of the criminal proceedings in favor of respondent, if it affirmatively appears he was in fact guilty of a criminal offense, he may not maintain an action of malicious prosecution in connection therewith." Lowther v. Metzker, 203 P2d 604 (5), and see 36 ALR2d 786 et seq. From this it follows that a mere error in the affidavit or accusation does not of itself establish lack of probable cause.

In the present case Harmon, who signed the affidavit on which the arrest warrant and accusation issued, swore that Redding "stole some evergreen shrubbery which was property of affiant and was in affiant's possession at the time of the theft." Quite obviously Harmon did not own the shrubbery. Title to it had passed from Mrs. Crawley to the City of Atlanta. The statement might, however, be explained by the fact that Harmon, as an employee of Bishop on the premises, felt a duty to guard them for Bishop. What was actually to have been done with the vegetation on this and other properties is confusing; it was not mentioned among those things to be cleared from the lots by the house mover, but on the other hand there was

testimony that the land was to be completely leveled. Two city land office employees testified; from them it appeared that generally the city had no interest in what became of the shrubbery; that if the original owner wished to remove it she could do so, that if the city parks department or other municipal agency wanted it they would have the first refusal, and so on. Price, ultimate purchaser of the house, appeared to want it, and Bishop appeared to think it was his duty to clear it away. Redding testified that Mrs. Crawley wanted it and he was taking it for her and with her permission would have taken some for himself. This testimony was disputed by Price and Harmon who stated that Redding simply told them it was "his" property.

The ultimate jury question was not the entity in whom title to the shrubbery vested, but whether Harmon had probable cause to believe that Redding was stealing it. This depends in large part on Redding's credibility. If the jury believed he had a right to remove it with Mrs. Crawley's permission and informed Harmon of that right, they could infer that the arrest was not made in good faith but in an effort, for example, to save the shrubbery for Price, who also had no title to it. Under the circumstances it cannot be said that all material facts were undisputed so as to leave the existence vel non of probable cause for judicial construction. The general grounds of the motion for new trial and the motion for judgment notwithstanding the verdict were properly denied.

■ Certain portions of an oral stipulation as to what Mrs. Crawley, an absent witness, would have testified to, were admitted over a hearsay objection. Mrs. Crawley could properly testify that permission was granted her by the land agent to remove the shrubbery, and that Redding was her agent in doing so. This enumeration of error is without merit.

■ Error is enumerated on the admission in evidence of bid proposals accepted by Bishop which called on him to "clear the land parcel of all buildings, structures, fences or other encumbrances on the parcel completely down to the ground line. All rubbish, refuse, dumps, debris, etc. to be completely removed from the parcel areas"; on the contract of sale to Bishop giving him title to "all of the salvage, materials, fixtures and debris removed by him

from said structures"; on the exclusion of Mrs. Crawley's option to purchase; on the exclusion of a land office negotiation record between it and Mrs. Crawley referring to price only, and on the exclusion of the closing statement between Mrs. Crawley and the City of Atlanta. The first two documents had some peripheral relevance in illustrating the intention of the parties as to the subject matter of the sale. The latter were of no material significance in the case, it being undisputed that Mrs. Crawley was in fact the original owner. No reversible error appears.

■ Where the plaintiff filed a complaint the essential allegations of which were denied by the defendant, and the complaint was substantially recast in a pleading documented a second amendment, to which no answer was necessary, the court's instruction that there was no burden on the defendant to answer the amendment but their attention was called to the fact that there was an answer to the original suit, was a sufficient instruction, without further stating that the allegations of fact should be considered as denied, since the meaning of the instruction was clear. In like manner, an instruction that the allegations of a certain paragraph of such amendment was unsupported by evidence and should not be considered was sufficient, without the necessity of physically expunging the matter from the pleading before allowing it to go to the jury room.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Evans and Stolz, JJ., concur.*