## 65369. UPTON v. THE STATE.
## 65492. RICE v. THE STATE.

CARLEY, Judge.

Appellant Rice is the City Engineer for the City of Snellville, Georgia. Appellant Upton is a paving contractor. They were jointly tried for the crime of bribery, OCGA § 16-10-2 (Code Ann. § 26-2301), under an indictment alleging that they "unlawfully agree[d] and conspire[d] with each other in the commission of said offense with [Rice], agreeing and conspiring with [Upton] to solicit and receive from Amin Farhad Mansour U. S. currency and money as consideration to which [Rice] was not entitled with the purpose of influencing [Rice] in the performance of his acts related to the functions of his office and duties as the City Engineer of the City of Snellville, Georgia, a political subdivision of the State of Georgia, the said duties being to approve the site plans, grading, paving and site improvements of the real property in the possession of Amin Farhad Mansour located in the City of Snellville, and ... caused Amin Farhad Mansour to give to [Upton] a check for the sum of $5,400.00 as said consideration . . ."

Appellants were found guilty by the jury. Their appeals from the judgments and sentences entered on the guilty verdicts have been consolidated for appellate review.

1. Appellants enumerate the general grounds, urging that it was error to deny their motions for a directed verdict of acquittal. The evidence adduced at trial demonstrates the following: Mr. Mansour was having difficulty securing and retaining the services of a contractor for a driveway and paving project on his property. Evidently, Mr. Mansour's problem was in finding a contractor who would be willing to undertake and complete the work at a price which Mansour found acceptable. Mansour approached Rice for help and Rice then contacted Upton on behalf of Mansour. According to appellants, Upton informed Rice that he would be willing to undertake the paving project for Mansour, but that certain preparatory work at the site would be necessary. Rice then agreed that he would do the necessary preparatory work at the construction site himself if Upton would agree to do the paving for Mansour. Rice and Upton, according to their testimony, mutually agreed to this arrangement but it is unclear from the evidence whether Mansour was informed of appellants' mutual understanding with regard to the division of labor on the project. It is likewise unclear whether Rice's statement to Mansour that the project could be completed for an estimated $11,000 was made before or after Rice contacted Upton on behalf of Mansour. It is undisputed, however, that Mansour never

reached a firm contract price with either Rice or Upton, that Rice did in fact perform certain preparatory work on the site and that, due to changes which were made subsequent to the start of construction, the completed project was somewhat larger and more detailed than had originally been anticipated at the time Rice "estimated" its cost for Mansour. During construction, Mansour paid Upton some $12,000. After completion of the project, Upton submitted a final bill to Mansour for a balance of $5,800. Mansour did not pay the bill immediately, apparently contending that, in view of Rice's $11,000 estimate, it was too high. Instead, Mansour went to his attorney and eventually the G.B.I. was contacted. A G.B.I. agent provided Mansour with a body "bug" and Mansour then arranged a meeting with Upton to negotiate the amount of the final payment for the completed project. During the course of the taped conversation between Mansour and Upton, there was some discussion of that portion of the disputed final payment which Rice would receive. The conversation in this regard was at least consistent with — if it did not demand — a finding that Rice's receipt of a portion of the money being solicited by Upton was for the preparatory work Rice had actually done on Mansour's property and that the only controversy was whether the amount to be paid Rice was "too much" for the work that he had in fact performed. Apparently Rice was to receive $.50 per foot for the work he had done, an amount which Upton agreed "wasn't right for [Mansour] to have to pay [because Upton thought] a quarter would have been right." Finally, Upton agreed to compromise and accept Mansour's check for $5,400 as final payment for the job. After the meeting, Upton and Rice were arrested and charged with bribery in connection with soliciting and receiving the $5,400 check from Mansour.

"A person commits the offense of bribery when: (1) He gives or offers to give to any person acting for or on behalf of the state or any political subdivision thereof, or of any agency of either, any benefit, reward, or consideration *to which he is not entitled with the purpose of influencing him in the performance of any act related to the functions of his office or employment;* or (2) Acting for or on behalf of the state or any political subdivision thereof or of any agency of either, he solicits or receives any such benefit, reward, or consideration." (Emphasis supplied.) OCGA § 16-10-2 (a) (Code Ann. § 26-2301). Asserting that "conflict of interest" is "what bribery is all about," the state contends that the verdicts are authorized by evidence that Rice merely was to receive, at Upton's solicitation, money from a project over which Rice had exercised official jurisdiction and authority. However, the evidence in the instant case utterly fails to show that, for the purpose of influencing Rice in the

performance of any act related to the functions of his office or employment as the city engineer, appellants solicited or received any consideration to which Rice was not entitled. Regardless of what was shown with reference to Rice's public duties in connection with Mansour's project generally, with specific regard to the alleged "bribe" itself the evidence is totally consistent with a finding that the money Rice was to receive was for the *work he had actually performed* in a private capacity on Mansour's property and not for the purpose of influencing Rice in his public capacity.

That Rice may not have been "entitled" under the terms of his public employment to receive money for private work does not demonstrate that soliciting and receiving such compensation is bribery. "Bribery may consist in an offer to give money or to make any promise for the payment, delivery, or alienation of any money, to any officer of this State, in order to influence his behavior in any matter pending before him." *Perry v. State,* 118 Ga. App. 22, 23 (2) (162 SE2d 466) (1968). If, under the terms of his public employment, Rice was "not entitled" to engage in and receive money for such private work as he had performed on Mansour's project, that fact demonstrates only a conflict between his public and private interests and a breach of his employment contract with the City of Snellville. The very fact of payment to Rice for private work done in violation of his public employment would demonstrate that, in soliciting and receiving such payment, appellants were not guilty of the offense of bribery." 'It is ... a·universal principle that *where the act is entirely outside of the official functions of the officer to whom the bribe is offered, the offense is not bribery.'* [Cit.] . . . The principle that a person can only be bribed to do or not to do something in the line of his official duty is so generally recognized, and is so clearly of the very essence of our bribery statute, that further citation of authority is deemed unnecessary." (Emphasis supplied.) *Taylor v. State,* 42 Ga. App. 443, 449 (156 SE 623) (1930).

If, on the other hand, Rice was not prohibited by the terms of his public employment from engaging in private work, by soliciting and receiving money from Mansour for the work Rice had actually performed on the project, appellants would likewise not be seeking a "bribe" for the purpose of influencing Rice in the performance of any act related to his public office or employment. Appellants would only be seeking payment for work they had contracted to perform.

Whether or not Rice, as city engineer, was permitted under his public employment to undertake private projects, the evidence in the instant case is, at the very least, consistent with and certainly does not exclude the reasonable hypothesis that the "bribe" was no more than a private contractual dispute between Mansour, who was

unhappy with his final bill, and appellants. "Although circumstances create suspicion of . . . guilt of the offense charged, the circumstantial evidence presented by the state fails to preclude every other reasonable hypothesis including the explanation put forth by defendant[s] in [their] testimony. [Cits.]" *Wright v. State,* 147 Ga. App. 111, 112 (248 SE2d 183) (1978). If Rice's performance of that private contract was violative of the employment terms of his public office, he should suffer the civil consequences for breach of his public trust. If Rice's performance of work for Mansour was not violative of his public office, the contractual dispute concerning payment for the project should be resolved, if necessary, in civil litigation. However, there being no evidence, direct or circumstantial, which would authorize a finding that appellants' attempts to collect $5,400 was a "bribe" of Rice, the criminal convictions cannot stand. It was error to fail to grant appellants' motions for directed verdicts of acquittal.

2. Reversal of the judgments for the reasons discussed in Division 1 of this opinion renders further consideration of remaining enumerations of error unnecessary.

*Judgment reversed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED APRIL 5, 1983 —
REHEARING DENIED APRIL 25, 1983.

*E. T. Hendon, Jr.,* for appellant (case no. 65369).

*Glyndon C. Pruitt, Walter M. Britt, Emily E. Pate Powell,* for appellant (case no. 65492).

*W. Bryant Huff, District Attorney,* for appellee.