## 70326. RICE v. MANSOUR.
(337 SE2d 25)

BEASLEY, Judge.

Rice commenced this action in June 1984 against appellee Mansour, alleging malicious prosecution and slander. The trial court dismissed the slander count as barred by the statute of limitations. This appeal follows from the grant of summary judgment for Mansour on the malicious prosecution claim.

In 1980 Rice held the position of city engineer for the City of Snellville. Mansour was having difficulty finding a contractor for a driveway and paving project on property he was developing in Snellville, and he approached Rice for help. Rice in turn contacted Upton on behalf of Mansour, and Upton agreed to undertake the paving project if Rice would perform the necessary preparatory work. Both Rice and Upton testified that Rice had completed the preparatory work, and Mansour admitted having seen Rice on the property on one occasion. Based on an estimate given by Rice, it appears that Mansour originally understood that the total cost of the project would be around $11,000.

Mansour in fact paid Upton $12,000 before the work was completed. After construction began, however, Mansour added to the project, and there is some dispute over the amount agreed upon as an extra charge. Mansour claimed that Upton had agreed to do the extra work for $1,500, but Rice and Upton both maintained that Mansour realized that Rice was to be paid 50 cents per foot for his work. Upon completion of the project, Upton submitted a bill for an additional $5,800. Considering this amount too much for the additional work, Mansour initially declined to pay the extra bill. He mentioned the matter to his attorney, who contacted the GBI. The GBI arranged for Mansour to wear a "body-bug" when he next met with Upton about the balance due for the paving project. During this secretly recorded meeting, Mansour and Upton discussed what portion of the money was due Rice for his share of the work, and Mansour gave Upton a check for $5,400.

Subsequently, both Rice and Upton were arrested and charged with bribery. A jury found them guilty, but on appeal this court reversed Rice's conviction after concluding that the evidence did not exclude "the reasonable hypothesis that the 'bribe' was no more than a private contractual dispute between Mansour, who was unhappy with his final bill, and [Rice and Upton]." *Rice v. State*, 166 Ga. App. 541, 543-44 (305 SE2d 1) (1983). Rice commenced this action after the reversal of his conviction.

We agree with the trial court. There is no evidence to controvert the fact that Mansour merely stated to the authorities what he believed the true facts to be and left the decision to prosecute entirely

to their uncontrolled discretion. *Melton v. LaCalamito*, 158 Ga. App. 820, 822 (282 SE2d 393) (1981); *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35, 37-8 (318 SE2d 655) (1984).

Rice was convicted by a jury of bribery; the grand jury had found probable cause when the situation was presented to it by the district attorney. Mansour did not testify before it. The conviction was reversed because of the lack of evidence authorizing a verdict that what Rice had done constituted a "bribe" within the meaning of the criminal statute. *Upton v. State*, 166 Ga. App. 541, 544 (305 SE2d 1) (1983). That is, his conduct as proved was not, as a matter of law, bribery.

There is no evidence in this civil suit that defendant Mansour deliberately misled the district attorney or investigating officers and that he testified perjuriously at the bribery trial. Under these circumstances, his actions cannot be the basis of recovery for the tort of malicious prosecution, which is "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damages to the person prosecuted . . ." OCGA § 51-7-40. The elements are listed in *Medoc Corp. v. Keel*, 166 Ga. App. 615 (1) (305 SE2d 134) (1983), which goes on to state: "Ordinarily the question of want of probable cause is one for jury resolution, unless from the undisputed facts it is obvious to the court that it does or does not exist. OCGA § 51-7-43 . . . ; *Harmon v. Redding*, 135 Ga. App. 124 (218 SE2d 32) (1975)." Lack of probable cause, as defined in the statute there cited, "shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43.

While it is true that the evidence showed there was a factual conflict regarding the agreement between these businessmen, neither this nor any other admissible evidence shows that there was a conflict about whether Mansour "gave information which he knew to be false and so unduly influenced the authorities, . . ." *El-Amin v. Trust Co. Bank*, supra at 38. Where, as stated in that case, there are slight circumstances pointing to guilt but not enough to exclude every other reasonable hypothesis, such would preclude a finding of malicious prosecution. Those "circumstances" were precisely what the court found existed in the prosecution of Rice, when it reviewed the evidence of the criminal conviction in the context of the general grounds and concluded they were not enough to carry the day. *Upton v. State*, supra at 544.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Sognier, Pope, and Benham, JJ., concur. Deen, P. J., and Carley, J., dissent.*

DEEN, Presiding Judge, dissenting.

The trial court granted summary judgment for Mansour on the basis that he had merely related the facts as he knew them, and that the decision to prosecute was left entirely to the discretion of the legal authorities. *Melton v. LaCalamito*, 158 Ga. App. 820 (282 SE2d 393) (1981). Generally, a party is so insulated from liability in an action for malicious prosecution, " 'but, if it is found that his persuasion was the determining factor in inducing the officer's decision, *or that he gave information which he knew to be false and so unduly influenced the authorities*, he may be held liable.' " *Melton v. LaCalamito*, supra at 822; *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35, 38 (318 SE2d 655) (1984). (Emphasis supplied.)

One of the emphasized factual predicates for this court's holding in *Al-Amin v. Trust Co. Bank*, supra, was that there was no evidence that the defendants knew that the information they related to the police was false. In the instant case, however, the precise basis of Rice's complaint against Mansour was that Mansour had falsely represented to the legal authorities what had transpired between Mansour, Rice, and Upton. The evidence produced by Rice in opposition to Mansour's motion for summary judgment established a factual conflict concerning the agreement between the three parties, with regard both to who was to perform certain work on the project and to what the exact compensation would be: according to Rice and Upton, Mansour understood that Rice was to perform the preparatory engineering (and that Rice did so), and that Mansour was aware of the specific unit rate that would be due Rice; according to Mansour, he did not know whether Rice had done any work on the property, and was unaware of the basis for which Rice (and Upton on his behalf) sought payment.

The majority opinion apparently ignores either this evidence or the inferences that may be drawn from it. It strikes me that from this evidence a jury certainly could accept Rice's account of the events and find that Mansour had misrepresented the facts in his account given to the investigating authorities. Because genuine and material factual issues thus existed over the accuracy of the information related to the authorities by Mansour, as well as over Mansour's good faith in doing so, summary judgment for Mansour was inappropriate.

Accordingly, I must respectfully dissent. I am authorized to state that Judge Carley joins in this dissent.

DECIDED SEPTEMBER 26, 1985 —
REHEARING DENIED OCTOBER 30, 1985 — 

*Kenneth W. Carpenter, Stephen M. Gibbs*, for appellant.

*Joseph E. Cheeley III*, for appellee.