Gary LARSON, William Brunnemeyer, Lenora Brunnemeyer, Donald Halverson, Louis Kraft, Philomena Kraft, Wayne Solwey, Marsha Solwey, and Wallis Knutt, Plaintiffs and Appellants,

v.

Larry BAER, George Ackre, Towner County State Bank, and First Bank of Cando, Defendants and Appellees.

No. 870005.

Supreme Court of North Dakota.

Jan. 12, 1988.

William Kirschner & Associates, Fargo, for plaintiffs and appellants; argued by William Kirschner, Fargo.

Ackre & Baer, Cando, for defendants and appellees Larry Baer and George Ackre; argued by Larry Baer, Cando.

Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for defendants and appellees Towner County State Bank and First Bank of Cando; argued by Carol E. Johnson, Grand Forks.

LEVINE, Justice.

Plaintiffs Gary Larson, et al, appeal from a summary judgment dismissing their malicious prosecution lawsuit and awarding costs and attorney's fees to the defendants. We reverse the summary judgment against plaintiffs William Brunnemeyer and Lenora

Brunnemeyer and affirm the summary judgment against all other plaintiffs. We reverse the award of attorney's fees and costs.

The events leading up to the malicious prosecution action began when defendant Towner County State Bank sued plaintiffs Gary Larson and Wallis Knutt in Towner County district court for repayment of loans on which they had defaulted. Defendants Larry Baer and George Ackre, attorneys and partners, represented the bank. Towner County District Court Judge Douglas B. Heen presided over those actions. During the course of that litigation, Knutt filed an "at law" pro se lawsuit against defendant Towner County State Bank and served upon Judge Heen a document labeled "constructive notice." The constructive notice threatened legal action against Judge Heen if he failed to act in the manner demanded by the constructive notice. Judge Heen dismissed the "at law" lawsuit.

Baer was also part-time state's attorney of Towner County. When Baer learned of the constructive notice Knutt sent to Judge Heen, Baer informed the North Dakota Attorney General's office of his conflict of interest, and requested the Attorney General to determine the source and legality of the sale and distribution of what appeared to be a pre-packaged litigation kit. The Attorney General's office received a copy of the constructive notice from Judge Heen and forwarded it to Merle Henke, the North Dakota Bureau of Criminal Investigation (BCI) special agent assigned to investigate the matter.[1] Agent Henke conducted an investigation and sent the results to Lewis Jorgenson, Ramsey County State's Attorney. Jorgenson prosecuted plaintiff Wallis Knutt for sending the constructive notice.

Similarly, the First Bank of Cando, represented by defendant Ackre, sued plaintiffs William and Lenora Brunnemeyer in Towner County district court for repayment of loans on which they had defaulted. Towner County District Court Judge William A. Neumann presided. During that litigation, the Brunnemeyers filed an "at law" pro se lawsuit against First Bank of Cando in Towner County district court. In the course of the "at law" lawsuit, the Brunnemeyers sent a constructive notice to Judge Neumann's residence in Rugby, North Dakota. Judge Neumann forwarded the constructive notice to Baer, as state's attorney, with a cover letter suggesting that the Brunnemeyers' transmittal of the constructive notice may violate NDCC § 12.1–12–06 (threatening public servants).[2] After consulting the North Dakota Attor-

---

**1.** The North Dakota Attorney General is the superintendent of the North Dakota Bureau of Criminal Investigation. NDCC § 12–60–05 reads in part:

"The attorney general shall act as superintendent of the bureau and shall have the responsibility of and shall exercise absolute control and management of the bureau."

The BCI is authorized to cooperate in a felony investigation under NDCC § 12–60–07(5), which reads:

"The duties and responsibilities of the bureau shall be:

"(5) When called upon by any state's attorney, sheriff, police officer, marshal, or other peace officers, the superintendent, chief of the bureau, and their investigators may assist, aid, and cooperate in the investigation, apprehension, arrest, detention, and conviction of all persons believed to be guilty of committing any felony within the state."

**2.** "February 20, 1985
"Mr. Larry M. Baer
"State's Attorney
"P.O. Box 685

"Cando, ND 58324
"RE: Brunnemeyer vs. Federal Land Bank, et al.
       Towner County Civil Case No. 4591
"Dear Mr. Baer:
"Enclosed please find copies of a 'Constructive Notice and Demand,' 'Judicial Notice and Caveat,' and 'Writ of Prohibition and Caveat' and attached papers which were received in the mail. I forward a copy of these papers to you because of the possibility of criminal violation in this matter. In particular I refer you to Section 12.1–12–06, threatening public servants.
"Sincerely,
"S/ W A NEUMANN
"WILLIAM A. NEUMANN
"District Judge
"WAN: dcm
"Enclosures
"cc: State Court Administrator
       Hon. Douglas B. Heen
       Towner County Sheriff"

ney General's office, Baer sent a letter to BCI Agent Henke, enclosing the constructive notice sent to Judge Neumann by the Brunnemeyers and the cover letter sent to Baer by Judge Neumann.[3] Agent Henke conducted an investigation and sent the results to Charles Orvik, Pierce County State's Attorney. Orvik prosecuted the Brunnemeyers for sending the constructive notice.

Plaintiffs Donald Halverson, Louis Kraft, Philomena Kraft, Wayne Solwey, and Marsha Solwey were also criminally charged in Ramsey County. All the plaintiffs' prosecutions resulted in acquittal or pre-trial dismissal.

Plaintiffs then instituted a lawsuit against Baer, Ackre, and the two banks, alleging that Baer maliciously and without probable cause initiated criminal proceedings against them, and that attorney Ackre, Towner County State Bank, and First Bank of Cando conspired with Baer to maliciously prosecute the plaintiffs. Plaintiffs also alleged violation of their constitutional rights of free speech, equal protection, and other rights under 42 U.S.C. § 1983. Defendants counterclaimed for misuse and abuse of process.[4] Defendants moved for judgment on the pleadings for failure to state a claim on which relief could be granted, or in the alternative, for summary judgment. The trial court granted summary judgment and awarded defendants attorney's fees and costs. Plaintiffs appealed.

On appeal, plaintiffs raise two issues: (1) whether the trial court erred in granting summary judgment dismissing the malicious prosecution claim, and (2) whether the trial court abused its discretion in awarding defendants costs and attorney's fees.

There is a threshold question whether the trial court issued summary judgment or judgment on the pleadings for failure to state a claim. If matters outside the pleadings are presented and not excluded by the court, a Rule 12 motion shall be treated and disposed of as a motion for summary judgment. NDRCivP 12(c). Although the judgment of dismissal recites that the complaint fails to state a claim on which relief can be granted, it also says: "the Court having considered ... all the papers, files and documents in the record...." Because the trial court considered extrinsic evidence, we regard the judgment below as one for summary judgment.

### 1. Summary Judgment

■ An essential element of malicious prosecution is the institution of a criminal prosecution by or at the instance of a defendant.[5] *Schleicher v. Western State*

3. "February 25, 1985
"Merle Henke
"State Crime Bureau Agent
"Lake Region Law Enforcement Center
"Devils Lake, ND 58301
"Re: Judge Neumann Complaint
"Dear Merle:
"Enclosed herewith is a copy of correspondence and attached documents that I received from Judge Neumann concerning the same pattern of criminal disconduct [sic] as we experienced at Mike Bryson's and the Knutt case. Since the material was served upon Judge Neumann in Rugby, ND, I feel it would be appropriate to initiate a criminal action in Pierce County in the same manner in which you initiated the criminal sanctions for Bryson's case in Ramsey County for Judge Heen. I make this request for two reasons, first, because I feel the situs of the criminal act did in fact occur where the letter was received and second, because Towner County is now undergoing a fairly broad based movement involving this type of behavior, it would be very difficult for me as a prosecutor to be

able to weed out the sympathetic county residence [sic] in a jury selection process in the event of a jury trial. The fact that the Brunnemeyers' [sic] choose to use certified mail, mailed directly to Judge Neumann at his Rugby address would further support the venuing [sic] of the criminal action in Pierce County even though he was acting in his capacity as Towner County District Court Judge.
"Sincerely,
"S/ LARRY M. BAER
"Larry M. Baer
"Towner County States Attorney
"LMB: jg
"cc: Hon. Wm. A. Neumann
      District Court Judge"

4. By stipulation the defendants' counterclaim was dismissed. There is, therefore, no question that under NDRCivP 54(b) this appeal is proper.

5. The other elements of malicious prosecution, not at issue in this appeal, are: the termination of such proceedings in favor of the accused; malice in instituting the proceedings; absence

*Bank,* 314 N.W.2d 293 (N.D.1982). The trial court awarded summary judgment on the ground that there was no "connection" shown between the defendants and the institution of the prosecutions against the plaintiffs. Plaintiffs argue that there is a genuine issue of material fact whether the defendants initiated the plaintiffs' prosecutions. Our analysis is thus confined to whether the trial court erred in finding no genuine issue of material fact concerning defendants' initiation of plaintiffs' prosecutions.

■■■ Summary judgment should be granted only if, after viewing the evidence most favorably to the party against whom summary judgment is sought, it appears that there is no genuine issue as to any material fact and that the party seeking summary judgment is entitled to it as a matter of law. *Allegree v. Jankowski,* 355 N.W.2d 798 (N.D.1984). Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts. *Garcia v. Overvold Motors, Inc.,* 351 N.W.2d 110 (N.D.1984). If different factual inferences may be drawn, they must be drawn in favor of the party opposing summary judgment. *Sigurdson v. Lahr & Lahr, Inc.,* 299 N.W.2d 792 (N.D.1980). However, even when a factual dispute exists between the parties, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result. *Garcia v. Overvold Motors, Inc., supra.* Such facts, in essence, are not considered material facts. *Id.*

In support of the summary judgment motion, the defendants filed supporting affidavits from the Attorney General, from BCI Agent Merle Henke, Ramsey County State's Attorney Lewis Jorgenson, and Pierce County State's Attorney Charles Orvik. In effect, these affidavits state that the defendants did not influence BCI Agent Henke, the Attorney General's office or the Ramsey and Pierce County prosecutors in their independent decisions to prosecute or in their management of the prosecutions of the plaintiffs.[6]

The affidavits produced by defendants shifted the burden to plaintiffs to set forth specific facts which raise at least a reasonable inference that defendants instituted the plaintiffs' prosecutions. *See* NDRCivP 56(e); *Schleicher v. Western State Bank, supra.* Plaintiffs presented no affidavits but relied instead on a BCI report by Agent Henke and a letter by Baer.

Plaintiffs argue that Agent Henke's report raises a genuine issue of material fact. The report states that Baer reported that

of probable cause for the proceedings; and the suffering of damages as a result of the prosecution. *Schleicher v. Western State Bank,* 314 N.W.2d 293 (N.D.1982); *Farmers Elevator Co. v. David,* 234 N.W.2d 26 (N.D.1975).

**6.** BCI Agent Merle Henke stated in his affidavit that Baer never advised Henke how to proceed with the BCI investigation. Henke swore he neither sought nor received any advice from Baer, nor did Henke review any of the proceedings with Baer. Henke further stated that he brought the constructive notice to the attention of Pierce County State's Attorney Charles Orvik in direct response to Judge Neumann's complaint about the constructive notice, and not because of anything said by State's Attorney Larry Baer.

North Dakota Attorney General Nicholas Spaeth stated in affidavit that the defendants did not attempt to influence the North Dakota Attorney General's office to prosecute plaintiffs, nor did any materials submitted by the defendants result in a criminal prosecution.

Lewis Jorgenson, the Ramsey County State's Attorney, stated in affidavit that he initiated criminal proceedings against plaintiffs Gary Larson, Donald Halverson, Louis Kraft, Philomena Kraft, Wayne Solwey, Marsha Solwey, and Wallis Knutt in the independent exercise of his prosecutorial judgment, because Judge Douglas B. Heen forwarded a constructive notice to State's Attorney Jorgenson which Judge Heen had received from those plaintiffs, and Jorgenson believed that sending a constructive notice violated North Dakota criminal law. Jorgenson stated that at no time prior to these plaintiffs' prosecutions did he consult, correspond with, or otherwise communicate with any of the defendants concerning these plaintiffs.

Charles Orvik, Pierce County State's Attorney, stated in affidavit that he did not consult, correspond with, or in any other way communicate or have any contact with any of the defendants before initiating criminal proceedings against plaintiffs William and Lenora Brunnemeyer.

plaintiff Wallis Knutt had threatened a public servant, namely, District Court Judge Heen. There is no dispute that Knutt in fact sent the constructive notice; nor does Baer dispute that he reported Knutt's transmittal of the constructive notice to the North Dakota Bureau of Criminal Investigation. Even when viewed in the light most favorable to plaintiff Knutt, there is no reasonable inference from these undisputed facts that Baer did more than inform the authorities that Judge Heen received a constructive notice from Knutt.

The BCI report thus raises a legal question: whether merely reporting facts believed to be true to the proper authorities constitutes initiation of criminal proceedings under the tort of malicious prosecution. North Dakota has not previously addressed this issue. *See Nicholson v. Roop,* 62 N.W.2d 473 (N.D.1954); *Mielke v. Rude,* 58 N.D. 465, 226 N.W. 507 (1929).

█ It is uniformly held that if a defendant merely states to the authorities what he believes to be true and leaves the decision to prosecute entirely to the uncontrolled discretion of the officer, there is no institution of criminal proceedings by the defendants. *Rice v. Mansour,* 176 Ga.App. 617, 337 S.E.2d 25 (1985); Prosser and Keaton, Law of Torts § 119 at 872 (5 ed. 1984). Institution of criminal proceedings for the tort of malicious prosecution involves taking some active part in instigating or encouraging the prosecution, as by advising or assisting another person to begin the proceeding, or taking any active part in directing or aiding the conduct of the case. Prosser and Keaton, *supra.* For example, the person who actively persuades the prosecutor to go forward with prosecution, or the person who gives information to authorities with knowledge of its falsity, may be regarded in proper circumstances as initiator of the prosecution and liable for it. Prosser and Keaton, *supra* at 873.

The BCI investigation report shows that Baer reported to the North Dakota BCI that plaintiff Knutt had threatened a public servant. However, merely stating to the authorities facts one believes to be true does not constitute the institution of crimi-

nal proceedings. *Rice v. Mansour, supra;* Prosser and Keaton, *supra.* Therefore, Baer's act of reporting Knutt's conduct to the authorities is not a material fact. Nor does the BCI report raise any material, reasonable inferences as to plaintiffs Gary Larson, William Brunnemeyer, Lenora Brunnemeyer, Donald Halverson, Louis Kraft, Philomena Kraft, Wayne Solwey and Marsha Solwey.

█ Plaintiffs next argue that the cover letter Baer sent to BCI Agent Henke raises a genuine issue of material fact. In his cover letter to Agent Henke, Baer wrote: "I feel it would be appropriate to initiate a criminal action in Pierce County...." Viewing this evidence in the light most favorable to the non-moving party, an inference may be drawn that Baer encouraged and advised institution of criminal proceedings rather than merely reported facts. Encouragement and advice to prosecute constitute initiation of proceedings. *See* Prosser and Keaton, *supra* at 872. Therefore, Baer's cover letter raises a reasonable inference, the significance of which is subject to reasonable differences of opinion, thereby making summary judgment inappropriate. *Garcia v. Overvold Motors, Inc., supra.* However, the cover letter raises no inference of fact as to any plaintiff other than William Brunnemeyer and Lenora Brunnemeyer.

Defendants argue that even if there is an issue of fact regarding Baer's role in the Brunnemeyers' prosecution, its resolution will not change the result of dismissal. Defendants claim that the chain of causation between Baer and the prosecution of the Brunnemeyers was broken by the independent decision of Pierce County State's Attorney Orvik to prosecute the Brunnemeyers.

█ Under the independent investigation rule, when the prosecuting authority acts upon an independent investigation of his own, instead of on the information supplied by the party making the complaint, the latter has not caused the prosecution and cannot be held liable in an action for malicious prosecution. *Alabama Power Co. v. Neighbors,* 402 So.2d 958 (Ala.1981); Pros-

ser and Keaton, *supra* at 872–73; 54 C.J.S. *Malicious Prosecution* § 14 at 966 (1948). The independent investigation rule derives from the rule that the plaintiff in a malicious prosecution action must establish that the defendant was a proximate cause of plaintiffs' prosecution. *Alabama Power Co. v. Neighbors, supra;* 54 C.J.S. *Malicious Prosecution, supra.*

It is well settled that proximate cause is a question of fact. *E.g., Andrews v. O'Hearn*, 387 N.W.2d 716 (N.D.1986). Whether Henke's investigation and State's Attorney Orvik's decision to prosecute were independent of Baer's influence, and whether Baer was a proximate cause of the Brunnemeyers' prosecutions, are questions of fact to be decided by the fact finder.

Defendants argue that reasonable persons could draw but one conclusion, that the investigations were independent and Baer was not a proximate cause of the prosecution, and therefore the question of fact becomes a question of law and summary judgment is appropriate. *Johnson v. Production Credit Ass'n of Fargo*, 345 N.W.2d 371, 376 (N.D.1984).

Viewing the evidence in the light most favorable to the Brunnemeyers, we believe reasonable persons could believe that Baer's letter sufficiently influenced Henke's investigation to make it less than independent; that Henke based his recommendation to prosecute, at least in part, on Baer's advice and encouragement; that State's Attorney Orvik relied upon Henke's recommendation to prosecute the Brunnemeyers; and that weighing Baer's letter against the statements of the North Dakota Attorney General, BCI Agent Henke, and State's Attorney Orvik, that Baer did influence the authorities to prosecute the Brunnemeyers. We cannot say that reasonable persons could not conclude from this record that Baer was a proximate cause of the Brunnemeyers' prosecutions. Because there is a genuine issue of material fact, the trial court erred in granting summary judgment against the Brunnemeyers.

While we reverse summary judgment against the Brunnemeyers, we affirm as to the other plaintiffs, because the genuine issue of material fact raised by Baer's letter relates only to the Brunnemeyers' prosecution.

■ For purposes of the motion for summary judgment, the liability of defendants Ackre, Towner County State Bank and First Bank of Cando is vicarious, based solely upon the conduct of Baer. Ackre and the two banks produced no evidence of their own, but relied on the affidavits of the four law enforcement officials. As movants for summary judgment, Ackre and the two banks had the burden of showing that there was no dispute as to material facts or inferences reasonably drawn from undisputed facts. *See First State Bank v. McConnell*, 410 N.W.2d 139 (N.D.1987); NDRCivP 56. Defendants Ackre and the two banks failed to show that there was no factual dispute as to their lack of connection to Baer's possible encouragement of BCI Agent Henke to have the Brunnemeyers prosecuted. Therefore, the trial court erred in granting summary judgment against the Brunnemeyers and in favor of Ackre and the banks.

Plaintiffs further contend that we should infer from their exhibits that the involvement of the defendants in the plaintiffs' prosecutions "went well beyond those [activities] of which we are already aware." Plaintiffs' argument is based on their inability to conduct discovery because of the trial court's stay of depositions pending its ruling on defendants' motions for change of venue, a protective order, and quashing service of the second amended complaint. We note that the court stayed only one set of scheduled depositions, depositions of bank officials scheduled by plaintiffs in an effort to establish grounds for not changing venue.

■ Regardless of the reason for the lack of discovery, this court will draw from the record only reasonably deducible inferences. *See, e.g., Umpleby by and through Umpleby v. State*, 347 N.W.2d 156 (N.D. 1984). The possibility that discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny summary judgment where the party

opposing summary judgment has failed to invoke the procedures under NDRCivP 56(f) to submit affidavits stating a need for discovery or to request a continuance in order to present further affidavits or depositions in opposition to summary judgment. *Davis v. Satrom*, 383 N.W.2d 831 (N.D. 1986). Plaintiffs did not comply with Rule 56(f). Therefore, we decline to reverse summary judgment on the basis of the incomplete state of plaintiffs' discovery.

## 2. Attorney's Fees

Plaintiffs assert that the trial court abused its discretion in awarding defendants their actual expenses and attorney's fees. We agree.

Unfortunately, there is a conflict between the order for judgment and the judgment. The order for judgment, signed by the trial court, awards costs and attorney's fees under NDCC § 28–26–01(2), based upon frivolous pleadings. The judgment, however, awards costs and attorney's fees under NDCC § 28–26–31, based upon a lack of good faith in bringing the action.

■ If there is a conflict between a judgment and an order for judgment, the judgment controls. *Moore v. North Dakota Workmen's Comp. Bureau*, 374 N.W.2d 71, 73 n. 1 (N.D.1985). We thus review the award of costs and attorney's fees under the authority expressed in the judgment, § 28–26–31.

■ Section 28–26–31 provides:

"Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of all expenses, actually incurred by the other party by reason of the untrue pleading, including a reasonable attorney's fee, to be summarily taxed by the court at the trial or upon dismissal of the action."

7. When words or phrases are defined by statute, that definition may be relied upon in construing the meaning of those words or phrases in a similar statute. NDCC §§ 1–02–02 and 1–02–03; *State v. Johnson*, 417 N.W.2d 365 (1987).

While NDCC § 28–26–31 does not define "good faith," NDCC § 1–01–21 does:

While the award of attorney's fees under § 28–26–31 is discretionary, exercise of that discretion must be based on evidence that the pleadings were made without reasonable cause and not in good faith, and are found to be untrue. *Westchem Agricultural Chemical, Inc. v. Engel*, 300 N.W.2d 856 (N.D.1980). That summary judgment is granted below and affirmed on appeal is not evidence of bad faith in pleading. *In re Estate of Nelson*, 281 N.W.2d 245, 250 (N.D.1979). The record discloses no evidence that the pleadings were made not in good faith.[7] We conclude that the award of costs and attorney's fees under § 28–26–31 constitutes an abuse of discretion and cannot stand.

This, however, does not end our analysis.

Rule 60(a), NDRCivP, provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court."

There has been no effort before the district court to amend the judgment to conform to the order for judgment. *See Gruebele v. Gruebele*, 338 N.W.2d 805 (N.D.1983). However, we believe there is little doubt that the district court would have granted a motion under Rule 60(a) to correct the judgment to conform with the order for judgment, had such a motion been presented. While we could remand for that purpose, judicial economy persuades us to consider now whether the award of costs and

"Good faith shall consist in an honest intention to abstain from taking any unconscientious advantage of another even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious."

attorney's fees may be sustained under § 28–26–01(2).

Although recently amended [see 1987 N.D.S.L. ch. 387], at the time of the proceedings below § 28–26–01(2) provided:

"In civil actions the court may, in its discretion, upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs may be awarded regardless of the good faith of the attorney or client making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim."

Section 28–26–01(2) allowed the court in its discretion to award costs and reasonable attorney's fees if the court determines a claim is frivolous. A claim is frivolous where there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in his favor. *Lang v. Bank of Steele*, 415 N.W.2d 787 (N.D.1987).

In awarding attorney's fees and costs, the trial court found that "the claims for relief under plaintiffs' pleading are frivolous." Unless the trial court abused its discretion, we will not reverse its award. *Williams v. State*, 405 N.W.2d 615 (N.D. 1987). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Coulter v. Coulter*, 328 N.W.2d 232 (N.D.1982).

We believe the trial court acted unreasonably in finding such a complete absence of facts or law that plaintiffs could not have thought a court would render judgment in their favor. Baer was the Towner County State's Attorney; Baer and his partner, George Ackre, represented defendant Towner County State Bank in lawsuits between some of the plaintiffs and the banks; defendant Ackre represented First Bank of Cando in similar litigation; the defendant banks were creditors of some of the plaintiffs; Baer alerted the Attorney General to activities of the plaintiffs, activities which plaintiffs regarded as lawful; Baer appeared to have a conflict of interest; the information Baer gave to the authorities at least appeared to provoke the criminal prosecution of plaintiffs; plaintiffs were victorious in these criminal prosecutions thereby fortifying their belief that Baer had acted maliciously and unjustifiably. Given this set of circumstances and the unsettled state of the law of malicious prosecution in North Dakota, it cannot be said that plaintiffs could not reasonably have expected judgment in their favor.

Defendants argue that even if the malicious prosecution claim was not frivolous, the 42 U.S.C. § 1983 claim was, and the award should be upheld on that basis.

A trial court is entitled to consider the frivolity of individual claims for relief when awarding attorney's fees under NDCC § 28–26–01(2). *Napoleon Livestock Auction, Inc. v. Rohrich*, 406 N.W.2d 346 (N.D.1987). However, defendants' argument overlooks the "strong resemblance" between a malicious prosecution claim and a federal civil rights claim, as noted in Prosser and Keaton, *supra* at 870:

"Since a wrongful prosecution may be pursued under color of state law, the malicious prosecution action also bears at times a strong resemblance to a federal civil rights action. The elements of these ... actions, as well as the defenses to them, differ one from another, and for this reason care must be taken to distinguish them."

While plaintiffs may not have exercised care to distinguish between their claim for malicious prosecution and their claim for civil rights violations, it is frivolous claims, not negligent ones, that NDCC § 28–26–01(2) penalizes.

We conclude that the trial court abused its discretion in awarding costs and attorney's fees.

Defendants also request attorney's fees under Rule 38, NDRAppP, for a frivolous appeal. We do not believe the appeal is frivolous and we decline to award attorney's fees.

We affirm the summary judgment against plaintiffs Gary Larson, Donald Halverson, Louis Kraft, Philomena Kraft, Wayne Solwey, Marsha Solwey, and Wallis Knutt. We reverse the summary judgment against plaintiffs William Brunnemeyer and Leonora Brunnemeyer and remand for further proceedings. We reverse the award of attorney's fees and costs.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.