Marty BERG, Plaintiff and Appellant,

v.

Jack LIEN, Curt Siewert, Bruce Hanson, Doug Carpenter, and John O'Leary, individually and as agents of the City of Grand Forks, and the City of Grand Forks, Defendants and Appellees.

Civ. No. 940061.

Supreme Court of North Dakota.

Oct. 3, 1994.

Lyle H. Moe (argued), Grand Forks, for plaintiff and appellant.

Robert M. Light (argued), Morley, Morley & Light, Ltd., Grand Forks, for defendants and appellees.

NEUMANN, Justice.

The plaintiff, Marty Berg, appeals from a summary judgment in a contract dispute with the City of Grand Forks. We affirm.

In June 1991 the City of Grand Forks, through its Urban Development Committee (UDC), decided to begin soliciting designs for a permanent art display to be located within one of its parks. In July of 1991 proposals were solicited from three North Dakota artists and each was to build and submit prototypes of their designs to the UDC. From this process Berg's design of a simulated wheat field was recommended and accepted by the Grand Forks City Council. Subsequently, a written contract was forwarded to Berg and his attorney for signature.

Instead of signing, a disagreement over who should bear the liability for the project followed. Berg, through counsel, drafted and submitted his own contract which was never accepted by the City of Grand Forks. After four months of negotiation, the City decided to drop the project.

■ When Grand Forks sent a copy of the proposed agreement to Berg, it constituted an offer to contract. An acceptance of such an offer must comply with the terms of the offer. *Greenberg v. Stewart,* 236 N.W.2d 862, 868 (N.D.1975). "In order to form a contract the offer and acceptance must express assent to the same thing." *Id.* Because of Berg's material changes in the terms of the proposed contract, his "acceptance" constitutes nothing more than a counter proposal. *Id.* at 870. "[A] proposal to accept or an acceptance introducing new conditions or terms [other than] those offered amounts to a rejection of the offer ... and puts an end to the negotiations without forming a contract...." 17 C.J.S. *Contracts* § 43 (1963). It is clear from the record that the City of Grand Forks never assented to Berg's changes. We therefore agree with the trial court's analysis that a contract never existed between the parties.

■ Berg now argues that the City of Grand Forks is estopped from denying the existence of the contract. His argument is based on N.D.C.C. section 31–11–06.[1] Equitable estoppel requires " 'conduct which amounts to a false representation or concealment of material facts ... which is calculated to convey the impression that facts are otherwise' " made with the intention or expectation that this conduct " 'will influence' " the other party. *Farmers Coop. Ass'n of Churchs Ferry v. Cole,* 239 N.W.2d 808, 813 (N.D.1976) (quoting Robert A. Brazener, Annotation, *Comment Note.—Promissory Estoppel as Basis for Avoidance of Statute of Frauds,* 56 A.L.R.3d 1037, 1041 (1974).

■ Summary judgment is appropriate when, after viewing the evidence most favorable to the party against whom summary judgment is sought, there is no genuine issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Larson v. Baer,* 418 N.W.2d 282, 286 (N.D.1988). Even if a factual dispute exists, summary judgment is appropriate if its resolution will not alter the result. *Id.* Such facts are not material. *Id.* In the instant case the City of Grand Forks produced affidavits from competent witnesses denying the existence of false representations of material facts.

---

1. NDCC statutorily provides for equitable estoppel, as follows:

"*31–11–06. Estoppel by declaration, act, or omission.*—When a party, by his own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, he shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission."

In those affidavits both Curt Siewert and Howard Swanson deny ever suggesting that Berg proceed with the project. In fact, Curt Siewert swears that on more than one occasion he specifically told Berg *not to* proceed.

■ These affidavits produced by Grand Forks shift the burden to Berg to set forth "facts which raise at least a reasonable inference that" Grand Forks intended to influence Berg to proceed by concealing material facts. *Larson,* 418 N.W.2d at 286. A party resisting summary judgment has the burden of presenting competent admissible evidence or at least the responsibility of directing "the court's attention to evidence *in the record* by setting out the page and line in depositions or other comparable document[s]" containing such information.[2] *First Nat'l Bank of Hettinger v. Clark,* 332 N.W.2d 264, 267 (N.D. 1983) (emphasis added). Berg has not supplied the necessary testimony.

■ Additionally, a letter from Berg's attorney to the City of Grand Forks, written as part of the aforementioned negotiations, refers to the "proposed contract with Marty Berg" as well as indicating that "[i]f this [contract] is acceptable, please contact me immediately so that Marty may begin work." This language only reinforces the impression that not only was a contract not in existence between the City of Grand Forks and Marty Berg, but also that Marty Berg never acted in reliance on this supposed contract.

Berg has failed to convince us that the record contains anything which creates a dispute regarding a material fact.

Affirmed.

VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.

2. "We have said that a party claiming that the trial court erred on factual matters 'must present and point out evidence in the record supporting the contention.'" *State v. Littlewind,* 417 N.W.2d 361, 365 (N.D.1987) (quoting *Owan v. Kindel,* 347 N.W.2d 577, 579 (N.D.1984)). Unless the record on appeal allows for meaningful, intelligent review of an alleged error, we will not, nor can we, review such an error. *Lithun v. DuPaul,* 447 N.W.2d 297, 300 (N.D.1989).

Berg, although he refers to the existence of a deposition supporting his claims, failed to make that deposition part of the record by filing it with the trial court. Because it is not part of the record below or on appeal, we cannot consider it, nor can we speculate upon its contents. Berg carries the burden of persuasion as well as the burden of ensuring that the evidence which supports his contentions gets before the court.